IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REPUBLIC-VANGUARD INSURANCE COMPANY**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:08-CV-1470-L |
| **ZURICH AMERICAN INSURANCE COMPANY** and **NORTHERN INSURANCE COMPANY OF NEW YORK**, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants Zurich American Insurance Company and Northern Insurance Company of New York's 12(b)(6) Motion to Dismiss for Failure to State a Claim, filed November 10, 2008. After careful consideration of the motion, response, reply, record, and applicable law, the court **denies without prejudice** Defendants Zurich American Insurance Company and Northern Insurance Company of New York's 12(b)(6) Motion to Dismiss for Failure to State a Claim.

**I.    Procedural and Factual Background**

This case arises from a dispute between two commercial general liability insurers over payment of defense costs incurred by a mutual insured subcontractor. Zurich American Insurance Company and Northern Insurance Company of New York ("Defendants") issued a commercial general liability insurance policy ("CGL"), Policy No. SCP38312444, to Bluebonnet Waterproofing, Inc. ("Bluebonnet"), effective from June 20, 2002, to June 20, 2003. Republic-Vanguard Insurance Company ("Plaintiff") also issued a CGL policy to Bluebonnet, Policy No. RGL 328463-0, effective

from June 20, 2003, to June 20, 2004.  Bluebonnet was named as a defendant in a lawsuit against various contractors and subcontractors that participated in a construction project.  The lawsuit alleged that the defendants were responsible for "faulty and/or defective construction work on high end condominiums."  (Pl.'s 1st Am. Compl. ¶12).  On July 13, 2005, Defendants sent a letter to Bluebonnet in which they disclaimed coverage and declined defense because "the allegations asserted against Bluebonnet [were] alleged to have occurred . . . outside of the [Defendants'] policy period."  (*Id.*  ¶19).  On July 15, 2005, Plaintiff issued a reservation of rights to Bluebonnet and conditionally extended coverage for the defense "based upon the allegations in the operative pleading filed in the underlying lawsuit."  (*Id.*  ¶20).  On February 27, 2008, Plaintiff requested that Defendants "share the defense costs beginning in July 2005."  (*Id.*  ¶24).  Defendants denied this request.

On July 10, 2008, Plaintiff sued Defendants in Texas state court to recover a portion of the defense costs it incurred beginning in July 2005.  Plaintiff alleged that Defendants' duty to defend Bluebonnet in the underlying lawsuit was triggered in July 2005 and that Defendants' refusal was wrongful.  On August 20, 2008, Defendants removed the action to federal court.  On October 21, 2008, Plaintiff filed its First Amended Complaint seeking a declaratory judgment to determine whether Defendants had a duty to defend Bluebonnet.  On November 10, 2008, Defendants filed a motion to dismiss for failure to state a claim.

### II.     Failure to State a Claim Upon Which Relief Can Be Granted

#### A.     Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find

**Memorandum Opinion and Order - Page 3**

inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Discussion

Plaintiff seeks a declaratory judgment regarding Defendants' duty to defend Bluebonnet. Plaintiff contends that Defendants issued "one or more" insurance policies under which the duty to defend Bluebonnet was triggered by the allegations against Bluebonnet in the underlying lawsuit. In support of its motion to dismiss, Defendants assert that there is no set of facts upon which Plaintiff "might be entitled to recover on [it's] claim for a declaration that [it] is entitled to retroactive and future contribution for the defense costs and expenses incurred in defense of the underlying lawsuit . . . ." (Mot. to Dismiss 3-4). The court disagrees.

The "eight corners" rule of Texas insurance law provides that the terms of the policy and the plaintiff's allegations determine the duty to defend. *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 31 (Tex. 2008). "A liability insurer is obligated to defend a suit if the facts alleged in the pleadings would give rise to any claim within the coverage of the policy." *Utica Nat'l Ins. Co. of Tex. v. American Indem. Co.,* 141 S.W.3d 198, 201 (Tex. 2004) (citing *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex. 1997)).

To state a claim sufficiently to defeat the motion to dismiss, Plaintiff must either plead facts that tend to show that the allegations in the underlying action gave rise to a claim against Bluebonnet that falls within the coverage of a policy issued by Defendants, or plead facts from which this could

be reasonably inferred. *Utica,* 141 S.W.3d at 201. In other words, Plaintiff must allege facts sufficient to show that Defendants' duty to defend "was triggered." In its complaint, Plaintiff merely conclusorily alleges that Defendants' duty to defend "was triggered." Although the court must accept all well-pleaded facts in the complaint as true, it will not to accept such conclusory allegations and legal conclusions. Plaintiff can cure these deficiencies by pointing to relevant provisions in the policy and relevant allegations in the underlying lawsuit, which can be accomplished by pleading facts regarding the policy terms and the substance of the allegations in the underlying suit against Bluebonnet. The court believes that the deficiencies herein noted may be cured. Therefore, rather than dismiss the action, the court determines that the better course of action is to allow Plaintiff an opportunity to amend its complaint. Accordingly, Plaintiff shall file a Second Amended Complaint, consistent with this opinion, by **June 24, 2009, 5:00 p.m.**

The parties to this action have spent much time, effort, and paper debating whether Plaintiff's claim is based on a theory of "equitable subrogation," "contribution," or "reimbursement," and whether the Plaintiff is entitled to relief under these theories. These arguments, however, are premature because the court is unable to determine whether any of these are valid theories of recovery in this case because of the pleading deficiencies. When ruling on a motion to dismiss, the court does not evaluate Plaintiff's likelihood of success; instead, it determines only whether Plaintiff alleged a claim that is plausible on its face. Because Texas law recognizes each of the above mentioned legal theories, to defeat this motion to dismiss, Plaintiff need only allege facts sufficient to state a claim to relief under one of these theories, which is plausible on its face.

### III. Conclusion

For the reasons herein stated, the court **denies without prejudice** Defendants Zurich American Insurance Company and Northern Insurance Company of New York's 12(b)(6) Motion to Dismiss for Failure to State a Claim. Plaintiff **shall file** a Second Amended complaint, consistent with this opinion, by **June 24, 2009, 5:00 p.m.**

**It is so ordered** this 16th day of June, 2009.

Sam A. Lindsay
United States District Judge